

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 13, 1962

Affirmed by 77-275

Modified by C-41

Dr. J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Dear Dr. Edgar:

Opinion No. WW-1495

Re: In either of the abolishment
situations stated, whether
the county judges are entitled
to have an assistant as pro-
vided in Article 3888, Ver-
non's Civil Statutes, for ex
officio school superintendents
and related question.

In your request for an opinion from this office you
ask a question which is substantially as follows:

Whether a county judge of a county subject to the
provisions of Section 1 of Article 2688e, Vernon's Civil Statutes,
or a county judge of a county which elects to abolish the office
of county superintendent or ex officio county superintendent under
the provisions of Section 1a of Article 2688h, Vernon's Civil
Statutes, is authorized to have an assistant, an office and travel
expense account as prescribed for ex officio county judges in
Article 3888, Vernon's Civil Statutes, as amended.

The office of ex officio county superintendent is es-
tablished by Article 2701, Vernon's Civil Statutes, as amended,
1953. This Article provides in part as follows:

"In each county having no school superintendent,
the county judge shall be ex-officio county superin-
tendent and shall perform all the duties required of
the county superintendent in this chapter. . . . The
county board shall name or appoint an assistant to
the ex-officio county superintendent and shall pro-
vide for office and traveling of the ex-officio super-
intendent. The salary of the ex-officio superintendent
of public instruction, the salary of the assistant ex-
officio superintendent of public instruction and the
office and traveling expenses for the office of the ex-
officio superintendent in all counties in Texas shall
be from and after September 1, 1947, paid from the
State and County Available School Fund, and shall be
received and retained in addition to all other compen-
sation provided by law whether the county judge is

compensated on a fee or salary basis."

The compensation of ex officio county superintendents and assistant ex officio county superintendents is provided for in Article 3888, Vernon's Civil Statutes, as amended, 1953. The pertinent provisions of this Article are quoted as follows:

"In a county where the county judge acts as an ex-officio county superintendent of public instruction, he shall receive and retain in addition to all other compensation provided by law, not more than Two Thousand, Six Hundred ($2,600.00) Dollars a year, as the county board of school trustees of the respective counties may provide, whether he is compensated on a fee or salary basis. In such a county an ex-officio assistant superintendent of public instruction shall receive not more than Two Thousand, Six Hundred ($2,600.00) Dollars a year, as the county board of school trustees of the respective counties may provide.

"The county judge while acting as ex-officio county superintendent of public instruction, for office and traveling expenses may receive an amount not to exceed One Thousand Fifty ($1,050.00) Dollars a year, as the county board of school trustees of the respective counties may provide. . . ."

Senate Bill No. 192, 57th Leg., Regular Session, 1961, codified as Article 2688e, Vernon's Civil Statutes, was written in order to provide a more adequate procedure for the abolishment of the office of county superintendent authorized under the provisions of Article 2688, Vernon's Civil Statutes, as amended. Our attention is directed to Section 1 of Article 2688e, Vernon's Civil Statutes. The provisions of Section 1 most important to our discussion, are as follows:

"Section 1. (a) Upon a petition of twenty-five per cent (25%) of the qualified voters who cast a vote in the Governor's race at the preceding General Election in counties of less than one hundred thousand (100,000) population according to the last Federal Census; or upon a petition of twenty per cent (20%) of the qualified voters who cast a vote in the Governor's race at the preceding General Election in counties of one hundred thousand (100,000) or more population according to the last

Federal Census, the county judge shall within
ninety (90) days of the receipt of such petition
call an election to determine by majority vote
whether the office of county superintendent (or
ex-officio county superintendent and the county
school board in counties having an ex-officio
county superintendent) shall be abolished. . . .

"(c) Where the majority of the qualified
electors approve the abolition of the office of
the ex-officio county superintendent and county
school board, the duties of such abolished offices
as may still be required by law shall be and be-
come the duties of the office of county judge of
said county upon the expiration of the current
term of office of the ex-officio county superin-
tendent, and said county judge shall not be en-
titled to nor receive any additional compensation
as a result of these additional duties. . . ."
(Emphasis added)

In view of the fact that the office of county super-
intendent and the county school board in certain counties had
few or no duties to perform because the common school districts
had largely become independent school districts outside the
jurisdiction of the county superintendent, Senate Bill No. 100,
57th Legislature, Third Called Session, 1962, codified by Ver-
non's as Article 2688h, was enacted to abolish the office of
county school superintendent and the county school board in such
counties. We quote from Section 1(a) of Article 2688h, as
follows:

"Section 1. (a) From and after the effective
date of this Act the office of the county board of
school trustees and the office of county superin-
tendent shall cease to exist in any county in this
State having a population of not less than seventy
five thousand (75,000) and not more than one hundred
twenty-five thousand (125,000) according to the last
preceding Federal Census which has not more than one
(1) common school district and whose county ad valorem
evaluation is in excess of One Hundred Forty Million
Dollars ($140,000,000); provided, however, that the
county superintendents in such counties who have
been heretofore elected or appointed to the office
of county superintendent shall serve until the ex-
piration of the term for which they were elected or
appointed. The duties now performed by the board

of school trustees and county superintendents in such counties shall be performed by the county judges of such counties; provided further <u>that said county judges shall not be entitled to nor receive any additional compensation as a result of these additional duties.[1] . . ."</u>

The clear and unambiguous language employed in each of the abolishment statutes, supra, is that a county judge is not entitled to receive any additional compensation as a result of any additional duties which may be imposed.

Therefore, it is our opinion that neither a County Judge of a county subject to the provisions of Section 1 of Article 2688e, Vernon's Civil Statutes, nor a County Judge of a county which abolishes the office of County Superintendent or ex officio county superintendent under the provisions of Section 1(a) of Article 2688h, Vernon's Civil Statutes, is authorized to have an assistant or receive any compensation under the provisions of Article 3888 of Vernon's Civil Statutes, as amended.

[1] <u>Brazoria, Galves</u>ton and Wichita Counties are presently affected by the provisions of this Section.

## SUMMARY

The provisions of Article 3888, Vernon's Civil Statutes, as amended, are not applicable to County Judges of certain counties.

Sincerely,

WILL WILSON
Attorney General of Texas

I. Raymond Williams, Jr.
Assistant

IRW:mkh

Dr. J. W. Edgar, page 5 (WW-1495)


APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Grundy Williams
Albert Pruitt
Ogden Bass

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Leonard Passmore